

FILED
DEC 17 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY MMK DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOYT HART,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SCOTT R. LARSON, et al.,<br><br>　　　　　　Defendants. | Case No.: 3:16-cv-01460-BEN-MDD<br><br>**ORDER ON PLAINTIFF'S MOTIONS IN LIMINE**<br>**[Docs. 86 and 87]** |

On June 13, 2016, Plaintiff Hoyt Hart, a California attorney, filed this action against his former co-counsel Defendants Scott Larson P.C. and Scott Larson, a Colorado attorney, as well as Larson's clients, Defendants Marvin and Jo Ann Storm. Two claims remain: (1) Fraud against Larson, and (2) Quantum Meruit against all Defendants. In preparation for trial on February 12, 2019, Hart filed two motions in limine to exclude evidence. [Docs. 86 and 87.] For the following reasons, Doc. 86 is **DENIED**, and Doc. 87 is **GRANTED**.

## I.   LEGAL STANDARD

Rulings on motions in limine fall entirely within this Court's discretion. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)). Evidence is excluded on a motion in limine only if the evidence is clearly inadmissible for any purpose. *Fresenius Med. Care Holdings, Inc., v. Baxter Int'l, Inc.*, No. C 03-1431 SBA (EDL), 2006 WL 1646113, at *3 (N.D. Cal. June 12, 2006). If

evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *See Bensimon*, 172 F.3d at 1127 (when ruling on a motion in limine, a trial court lacks access to all the facts from trial testimony). Denial of a motion in limine does not mean that the evidence contemplated by the motion will be admitted at trial. *Id.* Instead, denial means that the court cannot, or should not, determine whether the evidence in question should be excluded before trial. *Id.*; *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005) (rulings on motions in limine are subject to change when trial unfolds).

## II. DISCUSSION

### A. Motion in Limine No. 1 [Doc. 86] – *Sanchez v. Hart* Judgment

On September 17, 2018, the California Superior Court entered judgment against Hart for $18,332,288.32 in *Sanchez v. Hart*. In the *Sanchez* First Amended Complaint upon which the judgment was based, the plaintiff, George Sanchez, alleged that his attorney, Hart, committed numerous acts of dishonesty, including failing to advise Sanchez that he had settled part of their case and retaining the money paid to Sanchez pursuant to the settlement, among other allegations. Hart seeks to exclude all evidence related to the *Sanchez* judgment and any aspect of the *Sanchez* case, arguing it has no relevance to the underlying action and is likely to confuse the jury. [Doc. 86, p. 3.]

Hart first contends the evidence is inadmissible because it is not relevant. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). The Court disagrees. As Defendants argue, Hart's prior alleged acts of dishonesty described in the *Sanchez* case are probative of his character for untruthfulness and admissible under Federal Rule of Evidence 608(b) (permitting extrinsic evidence to be inquired into if probative of the witness's character for truthfulness or untruthfulness). *See, e.g., United States v. Jackson*, 882 F.2d 1444, 1446 (9th Cir. 1989) ("[E]vidence of a witness's participation in fraudulent transactions is probative of truthfulness.").

During trial, the jury will be tasked with evaluating Hart's testimony regarding whether Larson was informed of an $8 million offer prior to hiring Hart, whether Larson

2

acted with intent to defraud, and whether Hart reasonably relied on Larson's statements. In addition, because Hart has not produced any documents indicating how many hours he worked on the Storm lawsuit and is not relying on any expert witness, evidence of the time he spent working on the case will be based entirely on his testimony at trial. Thus, in making its findings, the jury must determine who it believes – Hart or Larson.

The *Sanchez* case describes Hart's past fraudulent conduct toward his own clients, such as lying about settlement offers, settling portions of the case without telling his client, and retaining those settlement proceeds for himself. Further, the alleged conduct is recent: the lawsuit was filed in 2016, and the judgment was entered in August 2018. Such close proximity in time weighs in favor of its admissibility. *See, e.g., U.S. v. Reid*, 634 F.2d 469, 474 (9th Cir. 1980) ("The fact that appellant made the false statements eight years prior to trial did not destroy the relevance of the statements for impeachment purposes."); *see also Jackson*, 882 F.2d at 1448 (permitting prosecution to impeach defendant, disbarred attorney, with evidence of his misappropriation of client funds 14 years previously was not an abuse of discretion). Accordingly, Hart's alleged prior fraudulent and deceitful misconduct is relevant because it is highly probative of his character for untruthfulness.

Hart contends the *Sanchez* case and judgment should additionally be excluded to avoid "prejudicial jury confusion." [Doc. 86, p. 6.] The Court may exclude evidence admissible under Rule 608 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As already discussed, the allegations and resulting judgment in *Sanchez* describe Hart's fraudulent conduct and thus, are relevant to Hart's character for truthfulness. Meanwhile, Hart does not identify any specific prejudice, unfair or otherwise, that would result from the introduction of this highly probative evidence, claiming only that "jurors might believe that the *Sanchez* case and/or judgment somehow matter negatively as to their assessment of Hart's conduct in this case." [Doc. 86, p. 7.] The Court is confident that the jury will be capable of distinguishing between Hart's misconduct in *Sanchez* and the issues at stake in

3

3:16-cv-01460-BEN-MDD

the present action. Accordingly, the Court cannot find this evidence, though prejudicial to Hart, is *unfairly* prejudicial or that the risk of unfair prejudice outweighs the evidence's probative value. Thus, for the previous reasons, evidence of Hart's conduct in *Sanchez*, including the judgment entered against him, may be admissible, if offered at trial.[1] The motion is **DENIED**.

### B. Motion in Limine No. 2 [Doc. 87] – Hart's Wife's Chapter 11 Filing

Hart moves to exclude any mention of the Chapter 11 bankruptcy filed by his wife, Kristin Wright, which he contends is irrelevant and would result in "prejudicial jury confusion." Defendants respond that the bankruptcy filing is entirely relevant because (1) should Hart prevail, any damages awarded in his case will become part of the bankruptcy estate and used to pay creditors, and (2) should Defendants prevail, the bankruptcy estate will likely object on the grounds that Hart lacked standing to pursue the case without the bankruptcy court's involvement. These hypotheticals, however, do not show how Hart's wife's bankruptcy filing is a "fact . . . of consequence in determining the action, or "has any tendency to make a fact more or less probable." Fed. R. Evid. 401.

In addition, Defendants argue the bankruptcy filings contain information about the "value, operations, and profitability" of Hart's law practice, which is relevant to Hart's quantum meruit claim for the reasonable value of his services. Specifically, the bankruptcy filings' inclusion of information about Hart's law practice, experience level, and income earned over the years may be relevant to determining Hart's reasonable hourly rate. *See Palmer v. Gregg*, 65 Cal.2d 657, 660 (1967) ("The measure of damages in a quantum

---

[1] Defendants further contend that the *Sanchez* judgment may be admissible should Hart testify inconsistently about his prior fraudulent conduct and "open the door," meaning the *Sanchez* judgment may be used to impeach Hart by contradiction. However, whether the extrinsic evidence would be admissible as impeachment by contradiction cannot be decided in a motion in limine. Thus, if at trial, Defendants determine such evidence is admissible following Hart's cross-examination, Defendants must first address the matter with the Court outside the jury's presence.

meruit claim is the reasonable value of the services rendered provided they were of direct benefit to the defendant."). Although Defendants are correct that this evidence may have *some* relevance, albeit slight, the probative value of that evidence is substantially outweighed by the risks of unfair prejudice to Hart, confusion of the issues, and misleading the jury. Indeed, the jury is likely to be confused by evidence going to Hart's wife's Chapter 11 bankruptcy and associated filings, including how that evidence relates to the jury's credibility determinations and ultimate findings. *See* Fed. R. Evid. 403. Further, Hart's wife is not a party to this action, and her bankruptcy filing has little, if anything, to do with the claims in this lawsuit. Accordingly, because these risks substantially outweigh the evidence's nominal probative value, the motion is **GRANTED**.

### III. CONCLUSION

For the previous reasons, Plaintiff's motion in limine number 1, [Doc. 86], is **DENIED**, and motion in limine number 2, [Doc. 87], is **GRANTED**.

**IT IS SO ORDERED.**

Date: December 17, 2018

HON. ROGER T. BENITEZ
United States District Judge